IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>WILLIAM LEE GENTRY,<br>　　　Debtor. | Case No. 17-65615-sms<br>Chapter 11 |

### BANK OF AMERICA, N.A.'S OBJECTION TO CONFIRMATION

COMES NOW, Bank of America, N.A. ("BANA"), with respect to Claim No. 4, and files this Objection to Confirmation of the Debtor's Chapter 11 Plan [Doc. 57] (the "Plan"), respectfully showing this Honorable Court as follows:

1.　BANA is the holder of Claim No. 4 in this matter. The claim is in the amount of $208,140.33, and is secured by a security deed encumbering the property located at 1589 Center Point Road, Carrollton, GA 30117. *See* [Claim No. 4].

2.　In the Plan, Claim No. 4 is classified in Class 1D, and provides for the following treatment:

> Debtor shall market and sell the Center Point Property and pay the then outstanding balance of the Class 1C and 1D claims at the closing in full satisfaction of BOA's liens on the Center Point Property within 36 months of the Effective Date (the "Center Point Maturity Date"). Upon request by Debtor, BOA shall provide a payoff letter within 5 business days of request by Debtor confirming the amount due under the terms of this Class 1C and 1D of the Plan and allowing for the release of the liens on the Center Point Property upon receipt of payments in full by BOA on the Class 1C and 1D Claims on the terms set forth herein.

> Except as to payment of the Class 1C and Class 1D claims at closing and any other specific terms of the Plan, all pre-petition terms of BOA's pre-petition loan documents shall remain in full force and effect, provided however that the filing of this Bankruptcy shall not be a default thereunder and Debtor shall satisfy the Class 1C Claim and the Class 1D Priority Claim (collectively the "BOA Center Point Claims") as provided by Class 1 of the Plan. BOA shall only by entitled to recover and Debtor shall only pay interest, late fees, attorney fees and other

>default charges as expressly allowed by the Bankruptcy Court. The first and second priority liens of BOA in the Center Point Property shall continue and attach on the Effective Date of the Plan to the same validity and priority as the pre-petition claims, and to the extent of the BOA Center Point Claims (as may have been reduced by post-petition payments, if any).
>
>A failure by the Debtor to sell the Center Point Property by the Center Point Maturity Date pursuant to the terms of the Plan shall be an event of default as to BOA. In the event of a default under Class 1C or 1D, BOA may send a Default Notice to Debtor in accordance with Article 2.3 of the Plan. Such Default Notice must contain the reason for the default and if such default is monetary, the amount of the default and amount necessary to cure the default and the address for payment, which will accept overnight deliveries. Receipt by Debtor's Attorney shall not be deemed receipt by Debtor of the required Default Notice. In the event of an uncured default following proper Default Notice procedures and opportunity to cure pursuant to Article 2.3 of the Plan, BOA may exercise any and all rights and remedies it may have under applicable non-bankruptcy law regarding the Center Point Property and assert a general unsecured Class 7 Claim for any valid and enforceable deficiency remaining after disposition of the Center Point Property in accordance with applicable state law.

[Doc. 57] at pp. 10-11.

3. Claim 4 is placed in Class 1, which consists of four different secured claims held by BANA relating to two different properties. Specifically, Class 1A is a first priority security claim on the Debtor's principal residence; Class 1B is a is a first priority security claim on the Debtor's principal residence; Class 1C is a is a first priority security claim on a different residential property; and 4) Class 1D is a second priority security claim on a different residential property.

4. Under 11 U.S.C. § 1129(a), a Chapter 11 plan cannot be confirmed unless, *inter alia*, "[t]he plan complies with the applicable provisions of this title."

5. One of the requirements of Title 11 is that "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. § 1122(a). "Secured creditors with liens in different property or liens in the same property but with different priorities may not be classified together since

2

their legal rights are not substantially similar." *In re Holthoff*, 58 B.R. 216, 219 (Bankr. E.D. Ark. 1985) (citing *In re Commercial W. Fin. Corp.*, 761 F.2d 1329 (9th Cir. 1985); *In re Sullivan*, 26 B.R. 677 (Bankr. W.D.N.Y. 1982); 5 *Collier on Bankruptcy* ¶ 1122.03 (15th ed. 1981)).

6.  Here, the Debtor has impermissibly classified unrelated claims within Class 1, in violation of 11 U.S.C. § 1122(a). Accordingly, the Plan is not confirmable. *See* 11 U.S.C. § 1129(a).

7.  In addition to having to meet the requirements of 11 U.S.C. § 1129(a), a plan must be fair and equitable if an impaired class has rejected the plan. Section 1129(b) provides a nonexhaustive list of what is considered fair and equitable. But, even if those requirements are satisfied, they are nonexhasutive, and "[f]or a plan to be 'fair and equitable,' the plan must literally be fair and equitable." *In re N. Outer Banks Assocs., LLC*, No. 10-01292-8-RDD, 2010 WL 4630348, at *9 (Bankr. E.D.N.C. Nov. 8, 2010).

8.  BANA contends that the Plan is not fair and equitable with respect to Claim 4. The Debtor proposes to keep the property for up to *three years* without payment to BANA. Meanwhile, if BANA wants to collect interest, late fees, or other charges during that time, it needs to seek court approval to do so. If the Debtor closes the case, BANA would have to pay to reopen the case. And then, if the Debtor finds a buyer, BANA must act within *five* business days to provide a payoff statement. Under the Truth in Lending Act, BANA has seven business days to comply with such a request. 15 U.S.C. § 1639g. It is simply not fair or equitable to place such onerous conditions on BANA, while the Debtor has no obligations whatsoever during the three year period, as he can simply not sell and allow the Property to be foreclosed after that time.

9.    BANA further contends that the fact that the Debtor has no obligations during this three year period should lead to a finding that the Plan was not proposed in good faith, in violation of 11 U.S.C. § 1129(a)(3).

WHEREFORE, BANA respectfully requests that this Court deny confirmation of the Plan.

Respectfully submitted this 13th day of July, 2018.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar # 720572)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, Georgia 30071
> (678) 281-2730 (Telephone)
> (404) 921-9016 (Facsimile)
> bchaness@rubinlublin.com
>
> *Attorney for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served via CM/ECF (registered users only) and U.S. Mail on this the 13th day of July, 2018, on the following parties:

Cameron M. McCord
Jones & Walden, LLC
21 Eighth Street, NE
Atlanta, GA 30309

David S. Weidenbaum
Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar # 720572)

4