IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**WILLIAM LEE GENTRY,**<br><br>　　　Debtor. | **CHAPTER 11**<br><br>**CASE NO. 17-65615-sms** |

### MODIFICATION TO PLAN OF REORGANIZATION FOR WILLIAM LEE GENTRY

COMES NOW William Lee Gentry ("Debtor"), debtor and debtor in possession in the above-captioned case, files this *Modification to Plan of Reorganization* ("Modification"). In support of the Modification, Debtor shows the Court as follows:

1. On September 5, 2017 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (hereinafter the "Bankruptcy Code").

2. This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157(b) and 1334.

3. On April 26, 2016, Debtor filed his Disclosure Statement (Doc. No. 56) and his proposed Plan of Reorganization (Doc. No. 57) ("Plan"). On July 13, 2018 (Doc. No. 87), Debtor filed his Modification to Plan of Reorganization for William Lee Gentry.

4. Debtor hereby modifies the Plan in accordance with Sections 1125 and 1127 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The changes do not materially or adversely affect the rights of any parties in interest which have not had notice and an opportunity to be heard with regard thereto.

5. Class 2A of the Plan shall be amended as follows:

1

The IRS Lien 1, IRS Lien 2, IRS Lien 3 (in their entirety) and IRS Lien 4 (up to a maximum of $89,047.34), in the total amount of $1,120,163.00 (the "Allowed IRS Secured Claim"), shall survive until such time as such Allowed IRS Secured Claim of $1,120,163.00 is paid in-full, with interest at the rate of 5%. The Allowed IRS Secured Claim shall continue and attach to the IRS Collateral (as defined in the Plan) to the same extent, validity and priority as existed on the Filing Date. The $1,553,868.64 unsecured portion of of the IRS Lien 4 (i.e. the total of $1,641,915.98 less the secured portion of $89,047.34) and the entirety of IRS Lien 5, IRS Lien 6, IRS Lien 7, and IRS Lien 8 shall be stripped pursuant to the provisions of 11 U.S.C. 1123(b)(5) and of no further force or effect as of the Confirmation Date, and such liens shall attach to the IRS Collateral to the extent of $0.00.

The Debtor is not authorized to sell or refinance the Sugarloaf Property and Center Point properties free and clear of the Allowed IRS Secured Claim except as provided by the terms of the Plan. If the Debtor sells or refinances the Sugarloaf Properties and Center Point then, at the real estate closing, the IRS shall be paid pursuant to the terms of the Plan. If the Sugarloaf Properties and Center Point properties are foreclosed upon by a lien holder senior to the IRS, then the Allowed IRS Secured Claim shall survive to the extent it remains unpaid subject to the terms of the Plan. Debtor agrees that any additional payments from third parties will not be excessive in order to avoid any unreasonable burden to the IRS.  Confirmation of the Plan shall not discharge any liabilities of the Debtor owed to the Service that are excepted from discharge under 11 U.S.C. § 523.

6. Except as expressly set forth in this Modification, all terms and provisions of the Plan remain in full force and effect.

Respectfully submitted this 18th day of July, 2018.

**JONES & WALDEN, LLC**

*/s/ Cameron M. McCord*
Cameron M. McCord
Georgia Bar No. 143065
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300
*cmccord@joneswalden.com*

3